UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>PETER NEEDEL<br>NANCY M. NEEDEL<br><br>　　　　　Debtors | Case No. 09-20723 |
| PETER NEEDEL<br>NANCY M. NEEDEL<br>　　　　　Plaintiffs<br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION and<br>SELECT PORTFOLIO SERVICING, INC.,<br>as agent for<br>U.S. BANK NATIONAL ASSOCIATION<br><br>　　　　　Defendants | Adversary Proceeding No. 09 - _____ |

COMPLAINT TO DETERMINE SECURED STATUS AND AVOID LIEN AND CLAIM

Nature of the Action

Pursuant to 11 U.S.C. 506(d) and Fed.R.Bank.7001(2), the Debtors, Peter Needel (hereinafter sometimes MR. NEEDEL) and Nancy M. Needel (hereinafter sometimes MRS. NEEDEL) (collectively sometimes the NEEDELS) bring this Adversary Complaint for certain declaratory relief, including a determination of the validity, priority and extent of, and to avoid, a certain instrument purporting to be a Mortgage on their residence at 19 Radcliffe Road, Belmont, MA, originally held by New Century Mortgage Corporation (hereinafter NEW CENTURY) and thereafter assigned to, and now held by, U.S. Bank National Association (hereinafter US BANK)(hereinafter the NEW CENTURY MORTGAGE).

1

Standing

1. The NEEDELS, as Chapter 13 Debtors herein, have standing to bring this Adversary Proceeding pursuant to the provisions of 11 U.S.C. §522(h) which permit a debtor(s) in the circumstances of this case to avoid a transfer of an interest in real property under §544(a) of the Bankruptcy Code so long as a Chapter 7 Trustee could do so.

2. Under §544(a) of the Bankruptcy Code, a Chapter 7 Trustee may avoid a transfer of an interest in real property that is voidable by a hypothetical lien creditor or a bona fide purchaser of that property under state law.

The Parties

3. The NEEDELS are husband and wife and reside at 19 Radcliffe Road, Belmont, MA (hereinafter the "RESIDENCE").

4. U.S. Bank National Association (herein "US BANK") is a duly constituted banking association organized under the laws of the United States with a principal place of business at 60 Livingston Avenue, Saint Paul, MN 55107-1419.

5. Select Portfolio Servicing, Inc. f/k/a Fairbanks Capital Corp.(hereinafter "SPS") is a Utah corporation with a principal place of business at 3815 S. West Temple Street, Salt Lake City, Utah.

6. SPS is the servicing agent of US BANK with respect to the NEW CENTURY MORTGAGE pursuant to a so-called "Limited Power of Attorney," executed and delivered to SPS by US BANK on or about February 2, 2002.

Jurisdiction and Venue

7. This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. §157(b)(2)(A), (E), (K) and (O).

8. Venue in this Court is proper pursuant to 28 U.S.C. §1409.

Facts Applicable to All Causes of Action

The Loan Instruments

9. The NEEDELS are the owners of certain real estate known as 19 Radcliffe Road in Belmont, MA — the RESIDENCE herein — holding record title thereto as tenants by the entirety pursuant to a Deed recorded with the Middlesex South Registry of Deeds at Book 15444, Page 414.

10. On or about November 19, 2001, pursuant to a so-called "Assignment of Mortgage," dated November 19, 2001 and recorded with the Middlesex South Registry of Deeds at Book 39019, Page 415 (hereinafter the ASSIGNMENT),[1] US BANK acquired ownership of certain instruments, *to-wit*: (i) an instrument purporting to be a Mortgage on the RESIDENCE held by NEW CENTURY (herein the NEW CENTURY MORTGAGE) and (ii) an instrument purporting to be an Adjustable Rate Note (hereinafter the MORTGAGE NOTE) payable to NEW CENTURY and executed by MRS. NEEDEL.

11. The NEW CENTURY MORTGAGE acquired by US BANK was an instrument signed by MRS. NEEDEL and recorded with the Middlesex South Registry of Deeds on November 15, 2001 at Book 34063, Page 154.[2]

12. Although the NEW CENTURY MORTGAGE, by its terms, recites that it is a "Security Instrument". . . dated November 5, 2001," the NEW CENTURY MORTGAGE was not, in fact, signed by MRS. NEEDEL on November 5, 2001 but on a date subsequent thereto.

13. In addition, although the NEW CENTURY MORTGAGE contains a so-called "jurat clause" — purporting to be MRS. NEEDEL'S acknowledgment of her November 5, 2001 execution of the NEW CENTURY MORTGAGE, taken by Anna M. Sorgi (hereinafter

---

[1] See Exhibit "1" hereto.

[2] See Exhibit "2" hereto

3

SORGI), NEW CENTURY'S Settlement Agent — :

    A. MRS. NEEDEL'S name does not appear in the blank space of the acknowledgment that is provided therefor;

    B. MRS. NEEDEL did not, in fact, execute the NEW CENTURY MORTGAGE on November 5, 2001, as the "jurat" recites; and

    C. MRS. NEEDEL did not, in fact, execute the NEW CENTURY MORTGAGE in the presence of, and "before," SORGI as the "jurat" recites.

14. Instead, MRS. NEEDEL received the NEW CENTURY MORTGAGE from SORGI in the mail (at MRS. NEEDEL'S RESIDENCE) with directions that she (MRS. NEEDEL) sign it and then return it to SORGI at SORGI'S Office.

15. MRS. NEEDEL did as she was instructed by SORGI, signing the NEW CENTURY MORTGAGE at her home and then delivering it to SORGI at her Office.

16. Thereafter, SORGI, either at her Law Office or elsewhere, signed her name to the "jurat," thereby purporting to have acknowledged MRS. NEEDLE'S signature thereon, but did not do so in MRS. NEEDEL'S presence nor did SORGI type or write MRS. NEEDEL'S name in the "blank space" of the "jurat" provided therefor.

17. As for the MORTGAGE NOTE,[3] that instrument bears a signature that purports to be that of MRS. NEEDEL; but which, in fact, is not her signature and is therefore not genuine.

18. The NEW CENTURY MORTGAGE and MORTGAGE NOTE evidenced a transaction pursuant to which the then-outstanding first mortgage on the RESIDENCE held by Full Spectrum Lending, Inc.(hereinafter FULL SPECTRUM)(hereinafter the FULL SPECTRUM MORTGAGE) was paid and discharged.

---

[3] See Exhibit "3 hereto

4

19. The Discharge of the FULL SPECTRUM MORTGAGE (hereinafter the FULL SPECTRUM DISCHARGE) was recorded with the Middlesex South Registry of Deeds on March 13, 2002 at Book 35027, Page 115.[4]

The Land Court Proceedings

20. Prior to the Petition Date, US BANK, through its agent, SPS, asserted — and has continued to assert — that it holds — or should be declared to hold — a good and valid first mortgage interest on the RESIDENCE under, and by virtue of, the NEW CENTURY MORTGAGE.

21. In addition, US BANK, through its agent SPS, has asserted — and continues to assert — that, notwithstanding the recording of the FULL SPECTRUM DISCHARGE, it holds — or should be declared to hold — a good and valid first mortgage interest on the RESIDENCE under the FULL SPECTRUM MORTGAGE predicated upon the doctrine of equitable subordination.

22. In furtherance thereof, on or about June 21, 2007, SPS, as agent for US BANK, commenced an action against the NEEDELS in the Land Court (hereinafter the LAND COURT ACTION) in which US BANK sought, inter alia, a declaration that, under the doctrine of equitable subordination, it be allowed to enforce the FULL SPECTRUM MORTGAGE, notwithstanding the recording of the FULL SPECTRUM DISCHARGE.

23. On or about April 29, 2009, the Land Court entered a partial summary judgment ruling in which it concluded that the NEW CENTURY MORTGAGE "is subrogated for" the FULL SPECTRUM MORTGAGE (hereinafter the SUBROGATION RULING).

24. Due to other claims by US BANK in the LAND COURT ACTION, however, and certain factual issues which the Land Court declined to resolve on summary judgment grounds,

---

[4] See Exhibit "4 hereto.

the matter was thereafter scheduled for trial to address those remaining claims and issues. Prior thereto, the NEEDELS filed their Petition herein.

25. At no time on or after April 29, 2009, did either SPS or US BANK record the SUBROGATION RULING with the Middlesex South Registry of Deeds.

First Cause of Action

Determination of Secured Status under 11 U.S.C. 506(d)

25. Pursuant to G.L.c.183, §29, "[n]o deed shall be recorded unless a certificate of its acknowledgment or of the proof of its due execution, made as hereinafter provided, is endorsed upon or annexed to it, and such certificate shall be recorded at length with the deed to which it relates."

26. Pursuant to G.L.c.183, §30, [t]he acknowledgment of a deed or other written instrument required to be acknowledged shall be by one or more grantors . . . [and the] officer before whom the acknowledgment is made shall endorse upon or annex to the instrument a certificate thereof."

27. The acknowledgment of the NEW CENTURY MORTGAGE failed to comport with the provisions of G.L.c.183, §§29 and 30 on at least three grounds.

28. First, SORGI omitted to type or write MRS. NEEDEL'S name in the space provided therefor in the "jurat," thus executing her (SORGI'S) purported certification of MRS. NEEDLE'S purported acknowledgment "in blank."

29. Second, SORGI failed to witness MRS. NEEDLE'S execution of the NEW CENTURY MORTGAGE in her (SORGI'S) presence

30. Third, since MRS. NEEDLE did not execute the NEW CENTURY MORTGAGE in SORGI'S presence, SORGI could not — and did not — ask MRS. NEEDLE whether her execution of the NEW CENTURY MORTGAGE was her free act and deed.

6

31. Given the foregoing, SORGI'S certification of MRS. NEEDLE'S purported acknowledgment (hereinafter the CERTIFICATION) contains material omissions and defects that do not constitute scrivener's errors; and (ii) SORGI'S CERTIFICATION is otherwise defective as it falsely represents that the required protocol for taking MRS. NEEDLE'S acknowledgment under Massachusetts law was fulfilled when, in fact, it was not.

32. Moreover, prior to the Petition Date, neither SPS, US BANK, nor any party claiming under US BANK, cured any of the CERTIFICATION'S material omission and defects (including the absence of MRS. NEEDEL'S name therein) pursuant to the provisions of the Uniform Acknowledgment Act set forth in G.L.c.183, §29 *et seq.* or any other applicable provisions of law.

33. For all of the foregoing reasons, the NEW CENTURY MORTGAGE is fatally defective and may therefore be declared void by a Chapter 7 Trustee; and similarly by the NEEDELS, as Chapter 13 Debtors.

34. As such, pursuant to 11 U.S.C. §506(d) and Fed.R.Bank.P. 7001(2), the NEEDELS request that the Court determine the validity, priority and extent of the NEW CENTURY MORTGAGE by declaring it to be a void lien on the RESIDENCE.

Second Cause of Action

Avoidance of the Mortgage – 11 U.S.C. §544

35. The NEEDELS incorporate the allegations of ¶¶25-34 of the First Cause of Action as if the same were set forth herein.

36. Pursuant to 11 U.S.C. §544, a Chapter 7 Trustee ─ and thus the NEEDLES as Chapter 13 Debtors ─ may avoid a transfer of an interest in real property that is voidable by a hypothetical lien creditor or a bona fide purchaser.

37. As a matter of Massachusetts state and bankruptcy law, an improperly acknowledged instrument — as is described herein with respect to the NEW CENTURY MORTGAGE — is materially defective; and, as such, its recording does not operate and cannot provide "constructive notice" of its existence so as to sustain its validity as against either an attaching creditor or a bona fide purchaser.

38. Moreover, 11 U.S.C. §544(a) permits a Trustee (and the Debtors herein) to avoid a transfer of an interest in real property without regard to the knowledge of a Trustee or any creditor of any operative defect or material fact which would otherwise preclude its avoidance — including not only "actual knowledge" but also any knowledge which might be derived from so-called "inquiry notice" — which doctrine of law Massachusetts does not recognize.

39. Given the foregoing, SORGI'S defective CERTIFICATION of MRS. NEEDLE'S purported acknowledgment of the NEW CENTURY MORTGAGE renders it subject to being avoided by a Chapter 7 Trustee (and thus the NEEDLES) as a hypothetical lien creditor and/or bona fide purchaser ─ regardless of any actual, constructive, or inquiry notice or knowledge by the NEEDELS of any matter or defect that would otherwise preclude such avoidance.

Third Cause of Action

Avoidance of the Mortgage and the SUBROGATION RULING

40. The NEEDELS incorporate the allegations of ¶¶25-39 of the First Cause of Action and the Second Cause of Action as if the same were set forth herein.

41. On grounds similar to those that permit avoidance of the NEW CENTURY MORTGAGE, the SUBROGATION RULING which granted SPS and US BANK the right to enforce the FULL SPECTRUM MORTGAGE and ignore the FULL SPECTRUM DISCHARGE is similarly not binding upon a Chapter 7 Trustee — and the NEEDELS herein as Chapter 13 Debtors ─ because neither SPS nor US BANK recorded the SUBROGATION

RULING with the Middlesex South Registry of Deeds prior to the Petition Date.

42. The provisions of G.L.c.184, §17 provide:

> A judgment or decree, at law or in equity . . . affecting the title to real property, shall not have any effect except as against the parties thereto, their heirs and devises and persons having actual notice thereof, unless a certified copy of the record thereof has been recorded in the registry of deeds for the county or district where the land lies, with a memorandum of the town where the land lies and a description thereof sufficiently accurate for identification if the record of the judgment or decree does not give those particulars. If a notice of the pendency of the action has been duly recorded in the registry of deeds, the record of the judgment or decree may be made within sixty days after its rendition . . . .

43. Under established bankruptcy law, the §544(a) avoidance powers of a Chapter 7 trustee as a hypothetical lien creditor or a bona fide purchaser ─ as those of the NEEDLES as Debtors herein ─ exist without regard to any "actual notice" or "actual knowledge" of any interest in, or matters that might otherwise affect title to, real property.

44. Similarly, under Massachusetts law and Massachusetts bankruptcy precedent, neither a hypothetical lien creditor nor a bona fide purchaser may be charged with any facts that might arise from any so-called "inquiry notice" because Massachusetts state law does not recognize that doctrine.

45. Given the foregoing, any claim by either SPS or US BANK that — by virtue of the SUBROGATION RULING — they are entitled to the rights and remedies under the FULL SPECTRUM MORTGAGE could only bind the NEEDELS — collectively as a hypothetical lien creditor or a bona fide purchaser — if the SUBROGATION RULING had been recorded at the Middlesex South Registry of Deeds (i) prior to the Petition Date and (ii) no later than sixty days after its issuance ─ or by June 29, 2009 — as provided by G.L.c. 184, §17.

46. As the SUBROGATION RULING was never so recorded, any claim by SPS and/or US BANK that, pursuant thereto, they hold a secured mortgage lien on the RESIDENCE ─ whether under the FULL SPECTRUM MORTGAGE or otherwise ─ is not enforceable against,

and thus may be voided by, the NEEDLES as either a hypothetical lien creditor or a bona fide purchaser under §544(a) (1) of the Bankruptcy Code.

WHEREFORE, the NEEDELS request that the Court enter the following rulings:

1. Under the First Cause of Action, determine that the NEW SPECTRUM MORTGAGE is void and unenforceable as a secured mortgage lien under 11 U.S.C. §506(d) by virtue of the several material defects in the CERTIFICATION of its acknowledgment.

2. Under the Second Cause of Action, determine and permit the NEEDELS — as either a hypothetical lien creditor or a bona fide purchaser — to avoid the NEW SPECTRUM MORTGAGE as a secured mortgage lien under 11 U.S.C. §544(a) by virtue of the several material defects in the CERTIFICATION of its acknowledgment.

3. Under the Third Cause of Action, determine that neither SPS nor US BANK holds a secured mortgage lien on the RESIDENCE ─ whether under the FULL SPECTRUM MORTGAGE or otherwise ─ by virtue of the (i) several material defects in the CERTIFICATION of its acknowledgment and (ii) the failure of SPS or US BANK to have recorded the SUBROGATION RULING prior to the Petition Date and within sixty days of its issuance.

4. Determine that any claims of SPS and/or US BANK against the RESIDENCE, or against the NEEDELS, on account of any loans made by US BANK or any of its predecessors-in-interest, to the NEEDELS are unsecured obligations of the NEEDELS; determine the dollar amounts thereof; and then allow those liquidated claims as general unsecured claims in the NEEDELS' within Chapter 13 proceeding.

5. For such other and further relief as is appropriate.

    Respectfully submitted,
    Nancy M. Needel
    Peter Needel

    By their attorneys


    <u>/s/ Gordon N. Schultz</u>
    Gordon N. Schultz, Esq.
    Schultz & Company
    225 Franklin Street – Suite 2600
    Boston, MA 02110-2804
    (T) 617.723.9090
    BBO #447600


Dated: December 31, 2009